NEWS SYNDICATE CO., INC., Plaintiff, *v.* PHILIP WOLF, INC., Defendant.

Supreme Court, New York County, April 8, 1930.

*Chadbourne, Stanchfield & Levy* [*Leonard P. Moore* of counsel], for the plaintiff.

*Moos, Nathan, Imbrey & Levine* [*George X. Levine* of counsel], for the defendant.

CALLAHAN, J.  It appears to me that the agreement entered into between the parties was a binding contract.  The defendant agreed to insert 50,000 lines of advertising within twelve months subject to the plaintiff's rules and regulations existing or which may be thereafter made as to contents of advertising matter, the make-up of the paper and the current demands upon the paper's advertising space.  The plaintiff agreed to furnish to the defendant the space for the advertising mentioned.  The mere fact that the plaintiff's rules as to the contents of the advertising, the make-up of its paper or the demand upon its space were not enumerated or were open to change and might affect the quantity of advertising matter eventually inserted, did not render it so uncertain as to make the contract indefinite.  The parties agree that there was a maximum size to which plaintiff's paper might run which was well known to the parties, and that the size of the paper and the space available varied on different days of the week and from time to time.  The provision that the contract was subject to the plaintiff's rules and regulations existing or to be later made is expressly limited to rules and regulations affecting three specified matters.  As the option granted the plaintiff to reject advertisements was limited and the test to be applied to the question of acceptance was specified, the amount of advertising was capable of ascertainment and the contract sufficiently definite.  " It is only where the option reserved to the promisor is unlimited that his promise becomes illusory and incapable of forming part of a legal obligation."  (Williston on Contracts, § 43; see, also, §§ 44 and 104.)  The courts are reluctant to give a contract a construction which gives one party

so wide an option as to make the contract indefinite but rather tend to construe it in the light of the business needs of the parties and the expectation that they will act in good faith. (*Wells* v. *Alexandre*, 130 N. Y. 642; *New York Central, etc., Co.* v. *U. S. Radiator Co.*, 174 id. 331.) Nor did the provision in the contract that if at the end of the year the advertiser shall not have used the 50,000 lines of space contracted for, it would pay for the space actually used at a higher rate, render the agreement an indefinite one, whatever its effect might be on the price to be paid for actual insertions. The facts stipulated fail to show that any of the advertisements rejected by the plaintiff, were rejected for any of the reasons permitted by the contract except that in some instances not specified plaintiff notified defendant that it would be useless to offer advertisements for certain future dates as the space for those dates was filled. No claim was made by the plaintiff that the failure of the defendant to submit a greater amount than 30,000 lines of advertising in about nine months constituted a breach of the contract on the defendant's part. Plaintiff chose to treat the agreement as subsisting and as the facts before me fail to justify plaintiff's rejection of at least the last four items offered, under any rules such as those specified in the contract, such rejection must be deemed a breach of the contract on plaintiff's part. As plaintiff can take no advantage of its own breach it cannot recover the higher price specified for a smaller number of lines.

I accordingly direct judgment for the defendant, with costs.